# EXHIBIT A

FILED: BRONX COUNTY CLERK 10/14/2021 11:54 AM
NYSCEF DOC. NO. 1

INDEX NO. 814294/2021E
RECEIVED NYSCEF: 10/21/2021

2021-001608

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
SHAKIRA ESTRELLA and YURIBELL GLASS

                                    Plaintiffs,      **SUMMONS**

        -against-                                 Jury Demand

                                                                     Venue: Bronx County
THE CITY OF NEW YORK POLICE DEPARTMENT,    Plaintiffs' Residence
THE CITY OF NEW YORK,
JOHN AND JANE DOES 1-20 of the NYPD,

                                    Defendants.
-----------------------------------------------------------------x

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to your within the State of New York); and in case of your failure to appear or answer, judgment will be taken for the relief demanded herein

Dated: September 2, 2021
        New York, New York 10007

                                                                      PAWAR LAW GROUP, P.C.
                                                                      Robert Blossner
                                                                      20 VESEY STREET STE 1410
                                                                      New York, New York 10007
                                                                      (212) 571-0805

FILED: BRONX COUNTY CLERK 10/14/2021 11:54 AM
NYSCEF DOC. NO. 1

INDEX NO. 814294/2021E
RECEIVED NYSCEF: 10/21/2021

TO:

THE CITY OF NEW YORK
100 Church Street
NY, NY 10007

FILED: BRONX COUNTY CLERK 10/14/2021 11:54 AM
NYSCEF DOC. NO. 1

INDEX NO. 814294/2021E
RECEIVED NYSCEF: 10/21/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
ESTRELLA NUNEZ and YURIBELL GLASS

                                       Plaintiffs,

        -against-

THE CITY OF NEW YORK POLICE DEPARTMENT,
THE CITY OF NEW YORK,
JOHN AND JANE DOES 1-20 of the NYPD,

                                       Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

Jury Demand

Venue: Bronx County

Plaintiffs ESTRELLA NUNEZ and YURIBELL GLASS ("Plaintiffs") by and through their attorney Robert Blossner, Esq. respectfully allege as follows:

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees for violations of their civil rights, as secured by statutes and the Constitution of the United States and the State of New York.

2. Plaintiffs have complied with conditions precedent to filing state law claims by filing timely notices of claim, attending 50h hearings and giving the City adequate time to settle their claim and this lawsuit is commenced within one year and ninety days of the incident.

**PARTIES**

3. Plaintiffs are citizens of the United States, and at all relevant times a resident of the County of Bronx, and CITY and State of New York.

4. Defendant CITY of New York (hereinafter "CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. Defendants John and Jane Does 1-20 ("DOE defendants") are or were employed by the CITY at the NYPD and acted under the color of state law and are sued in their individual capacity.

## FACTS

6. On June 3, 2020, at approximately 7 pm plaintiffs Nunez and Glass were in the vicinity of East 59th street, Manhattan, New York.

7. On the above date, plaintiffs were part of a demonstration protesting the killing of George Floyd.

8. Neither plaintiff had committed a crime or had otherwise engaged in any wrongdoing.

9. It was a summer night and plaintiffs were simply part of a peaceful protest.

10. At that time, defendants John and Jane Does 1-20 from the NYPD "raided" the streets.

11. They corralled all plaintiffs and prevented them from going anywhere but instead kettled them into a prisoner van.

12. Defendants then moved all plaintiffs towards a certain location and started assaulting and battering them before arresting them on false charges.

2

13. Plaintiffs were transported to a precinct in Queens where some of them were strip-searched, some given DAT while others were put through the system through central booking. Plaintiffs were released in the middle of a dark street after 12 hours of detention.

14. All plaintiffs suffered injuries but the defendants failed to provide any medical care.

15. All the charges against the plaintiffs were dismissed after they made numerous trips to the court or after the DA decided not to pursue the false charges against the plaintiffs.

## AS AND FOR A FIRST CAUSE OF ACTION
(Assault and Battery)

16. Plaintiffs repeat, reiterate, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

17. The DOE Defendants committed acts that caused harm to plaintiffs.

18. The DOE Defendants intended to inflict injury or pain on plaintiffs.

19. As a reason of the assault and unlawful battery by the DOE Defendants plaintiffs was apprehensive and suffered physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Harassment)

20. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

21. The DOE Defendants intended to harass, annoy or alarm plaintiffs.

22. These defendants acted in a way that caused plaintiffs to be harassed, annoyed and alarmed.

23. As a result of their conduct, plaintiffs suffered and continue to suffer mental

and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

24. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

26. The aforementioned conduct was committed by DOE Defendants while acting within the scope of their employment by Defendant City.

27. The aforementioned conduct was committed by DOE Defendants while acting in furtherance of their employment by Defendant City.

28. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiffs.

29. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of NYS and NYC Human and Civil Rights Law)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. DOE Defendants conduct herein denied plaintiffs the equal protection of the law, discriminated against them and caused their injuries.

32. As a result, plaintiffs' rights protected by the New York State and New York City Human Rights Laws were violated.

4

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

33. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34. Defendant City owed a duty to individuals like plaintiffs to properly screen, train, hire and then appropriately discipline its employees.

35. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual DOE Defendants who conducted and participated in the violation of Plaintiffs' rights.

36. As a result, plaintiffs suffered injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Defendant City owed a duty to individuals like plaintiffs.

39. Defendant City breached its duty when individual DOE Defendants engaged in and participated in the violation of Plaintiffs rights.

40. As a result, plaintiffs suffered injuries.

41. Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

5

### AS AND FOR A SEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiffs' irreparable physical and emotional injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Fourth and Fourteenth Amendments- unlawful seizure/imprisonment/excessive force/malicious prosecution/denial of right to fair trial)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. DOE Defendants used force and brute to arrest plaintiffs and physically assaulted them.

46. These defendants also trumped up false charges against plaintiffs and fabricated evidence.

47. These defendants drafted criminal court paperwork, complaint report and forwarded them to the DA's office knowing that plaintiffs would be prosecuted.

48. These defendants failed to retract their falsified paperwork and deprived plaintiffs of their liberty.

49. Defendants conduct was "repugnant to the conscience of mankind" and caused serious physical and emotional injuries to plaintiffs.

### AS AND FOR A NINETH CAUSE OF ACTION
(First Amendment - Retaliation)

6

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. At the time of the incidents described in this complaint, plaintiffs were on a public street and exercising their right to protest and record DOE defendants.

52. The defendants knowing full well that their unlawful conduct was being recorded, grabbed plaintiffs' phone and smashed it on the ground to destroy any evidence of their wrongdoing.

53. Defendants engaged in unlawful conduct against plaintiffs.

54. When plaintiffs objected to this conduct, defendants retaliated against them and violated their rights and caused injuries.

### AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability)

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. Defendants John and Jane Does 1-5 were supervisors or tour-commanders employed by defendant CITY at all times alleged in the complaint. As such, these defendants were responsible for the supervision of subordinate defendants at the 44th precinct.

57. Defendants John and Jane Does 1-5 participated in violating plaintiffs' constitutional rights by being deliberately indifferent to plaintiffs' safety, well-being and welfare and by not preventing subordinate defendants from enforcing an unlawful practice of collaring plaintiffs into an area and then arresting them on false charges.

58. Defendants John and Jane Does 1-5 were aware of the serious nature of subordinate defendants' actions upon plaintiffs but failed to take any corrective actions.

7

FILED: BRONX COUNTY CLERK 10/14/2021 11:54 AM
NYSCEF DOC. NO. 1

INDEX NO. 814294/2021E
RECEIVED NYSCEF: 10/21/2021

59. Defendants John and Jane Does 1-5 were further deliberately indifferent to plaintiffs' welfare because they failed and refused to report subordinate defendants' prior misconduct and unlawful behavior or take any remedial steps, or preventive measures and as such were complicit in subordinate defendants' continued abuse of plaintiffs thus prolonging and enhancing the injuries suffered by plaintiffs.

60. As a result of the foregoing, defendants John and Jane Does 1-5 are liable under the theory of supervisory liability because their actions or lack thereof caused and continue to cause plaintiffs constitutional injuries.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(*Monell*)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. The NYPD and its protest control unit have a custom and practice of arresting protesters without any just cause or reason.

63. The NYPD is aware that innocent individuals are snared into this custom and practice and unlawfully arrested without any basis in law and fact.

64. Almost all of these cases against the protesters resulted in dismissal of the charges or the DA's refusal to prosecute them.

65. The sole goal of the NYPD was to chill the First Amendment rights of the peaceful demonstrations and to scare them for voicing their opinions.

66. However, in their misguided attempt to combat the First Amendment demonstrations the NYPD knowingly and intentionally arrested innocent individuals like the plaintiffs.

67. As a result of this widespread custom and practice, innocent individuals

8

FILED: BRONX COUNTY CLERK 10/14/2021 11:54 AM
NYSCEF DOC. NO. 1

INDEX NO. 814294/2021E
RECEIVED NYSCEF: 10/21/2021

suffer a violation of their constitutional rights.

68. Even if the NYPD does not have a custom and practice of using the method to arrest individual innocent individuals, their failure to train or supervise the individual officers engaged in these types of operations amounts to deliberate indifference to the rights of the arrestees.

69. The NYPD is aware that an individual officer would encounter a situation where an individual such as the plaintiffs have only engaged in peaceful demonstrations, however; instead of training and supervising the individual defendants on what constitutes an arrest for such a crime, the NYPD simply turns a blind eye and encourages individual defendants to engage in conduct that violates the Constitution.

70. On the particular date that plaintiffs were arrested, All of the arrested individuals were innocent of the charges. Yet the named and John and Jane Doe defendants simply arrested them and sent them through the NYPD criminal database. All the arrestees were innocent and the charges against them were either dismissed or adjudicated in their favor because of their innocence and because the named and unnamed defendants essentially lied in their paperwork about the incidents.

FILED: BRONX COUNTY CLERK 10/14/2021 11:54 AM
NYSCEF DOC. NO. 1

INDEX NO. 814294/2021E
RECEIVED NYSCEF: 10/21/2021

WHEREFORE, Plaintiffs seeks judgment against the defendant individually, jointly, severally in the amount of $250,000.00 for each and every cause of action, costs, expenses and attorney fees, and any other relief that the Court may deem just and proper.

Dated: August 3, 2020
New York, New York 10007

YOURS etc.,

20 Vesey Street Suite 1410
NY NY 10007
212 571 0805

10